**R. B. TYLER COMPANY, Appellant,**

**v.**

**SOUTHERN BELL TELEPHONE & TELE-GRAPH COMPANY, Appellee.**

Court of Appeals of Kentucky.

April 28, 1961.

Frank J. Dougherty, Jr., Louisville, for appellant.

Lively M. Wilson, Carl L. Wedekind, Jr., Stites, Wood, Helm & Peabody, Louisville, for appellee.

CLAY, Commissioner.

A judgment of $4,016, entered on a jury verdict, was obtained against appellant for alleged negligence in damaging an underground telephone cable owned by appellee. Appellant contends the trial court committed four errors.

The first contention is that the trial court improperly permitted appellee to read part of the deposition of one of appellant's witnesses in rebuttal. Since the witness was out of the state, his deposition could be read under the specific provisions of CR 26.04(3).

It is next contended that since appellee failed to prove its right to maintain the cable along the right-of-way, it was in effect a trespasser to whom appellant owed only the slightest degree of care, not ordinary care. No authorities are cited for this proposition. Appellee was not trespassing upon property of appellant, and in addition there was ample proof appellant knew of the presence of the cable. Under the circumstances it was clearly under a duty to exercise at least ordinary care not to damage it.

It is next contended appellee realized a special benefit as a result of the repair job on the cable for which appellant should have been given credit. The value of the appreciation in appellee's plant (if any) was not sufficiently developed to enable the court to instruct with respect thereto, and in addition the jury allowed appellee less than the amount it proved was expended to repair the damage.

Finally appellant urges the trial court erred in refusing to give the jury

an additional instruction on contributory negligence after the case had been submitted to it when a question was raised by the jury as to the kind of verdict it was authorized to return. We are doubtful that such an additional instruction would be proper at this time (at least without the consent of both parties), but even if so, certainly the matter lay within the discretion of the trial court.

The judgment is affirmed.